United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-41386
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LIBORIO CISNEROS-JIMENEZ,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-509-ALL
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:*

    Jose Liborio Cisneros-Jimenez appeals his guilty-plea conviction and sentence for being found

in the United States, without permission, following deportation. _See_ 8 U.S.C. § 1326(a), (b). He

contends that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional because they do

not require the fact of a prior felony or aggravated felony conviction to be treated as an element of

the offense and proved beyond a reasonable doubt. Cisneros-Jimenez's constitutional challenge is

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Cisneros-Jimenez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Cisneros-Jimenez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Cisneros-Jimenez's conviction is AFFIRMED.

Cisneros-Jimenez also argues that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines scheme held unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). By sentencing Cisneros-Jimenez under a mandatory guidelines regime, the district court committed what this court refers to as Fanfan error. *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005). The Government concedes that Cisneros-Jimenez preserved his Fanfan claim for appellate review, that the district court's actions are reviewed for harmless error, and that it cannot show that the error was harmless. *See id.* at 463-64. The sentencing transcript supports the Government's concession. We therefore we VACATE Cisneros-Jimenez's sentence and REMAND the case for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.